[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, David Burns and William Burns ("consumers"), have appealed a 2-1 written decision in favor of the defendants, (General Motors Corp. and Woodbury West Chevrolet ("manufacturer and dealer"), dated October 3, 2001, the date of the hearing, pursuant to § 42-181
(4) of the Connecticut General Statutes, as follows:
 "The panel finds the case eligible for arbitration as the consumer had a reasonable number of repair attempts. The panel finds that there is a noise in the transmission, but the consumer did not prove how this noise has substantially impaired the use, safety or value."
This majority decision was written by arbitrators, William Kelley, Chairperson, and Stanley Swimmer. The dissenting opinion was written by arbitrator John Makur, stated as follows:
 "It is my dissenting opinion that the consumer has presented sufficient evidence of a defect in the transmission that significantly effects value and possibly safety."
The panel of arbitrators accepted the case pursuant to § 42-179
of the Connecticut General Statutes, Chapter 743b, New Automobile Warranties commonly known as "The Lemon Law".
The plaintiffs' (consumers) application to vacate the arbitration award was dated October 11, 2001 and urged this court to vacate the majority decision for the following reasons:
1. The majority opinion of the arbitrators failed to adequately state findings of fact or reasons for its decision in that it did not provide a CT Page 13749 basis for its finding that the transmission noise did not substantially impair the value, use or safety of the vehicle.
2. There was misconduct by the arbitrators in refusing to hear evidence material to the dispute in that the arbitrators refused the plaintiff's request to allow the panel's technical expert to test drive and inspect the vehicle that was the subject of the arbitration.
3. There was misconduct by the arbitrators in that it refused to base its decision on the evidence provided by the plaintiff's expert when the plaintiff's expert was the only expert to test drive the vehicle that was the subject of the arbitration.
4. The arbitrators exceeded their powers, or so imperfectly executed them, that a mutual, final and definite award upon the subject matter submitted to them was not made in that the basis of their decision was not supported by any evidence regarding the vehicle that was the subject matter of the arbitration.
The plaintiffs have the burden to prove by a preponderance of the evidence any one of the above four reasons. The court may confirm, vacate, modify or correct any decision of the arbitrators. See § 42-181
of the Connecticut General Statutes which in part provides:
 "The court shall conduct a de novo review of the questions of law raised in the application. In addition to the grounds set forth in sections 52-418
and 52-419, the court shall consider questions of fact raised in the application. In reviewing questions of fact, the court shall uphold the award unless it determines that the factual findings of the arbitrators are not supported by substantial evidence in the record and that the substantial rights of the moving party have been prejudiced. If the arbitrators fail to state findings or reasons for the award, or the stated findings or reasons are inadequate, the court shall search the record to determine whether a basis exists to uphold the award.
Some of the background facts relevant to this appeal are not in dispute. On October 20, 2000, the plaintiffs purchased a new Chevrolet Cavalier from Woodbury West Chevrolet. On October 26, 2000, six days later, the plaintiff, David Burns, returned the vehicle to the dealer complaining of a rattle in the transmission whenever he shifted from first to second gear. The dealer told him that General Motors would fix it under the CT Page 13750 three-year/36,000 mile warranty. On November 1st and the 15th, and on another time in November of 2000, he brought the vehicle to the dealer with the same complaint, and neither General Motors or the dealer ever replaced or repaired the transmission. The plaintiffs then filed an application for arbitration pursuant to Sec. 47-181 C.G.S. The arbitration panel found the plaintiffs were eligible and held a hearing on October 3, 2001. At that time, the plaintiff had driven the vehicle sixteen thousand miles, well within the twenty-four thousand miles of operation and the two-year statutory warranty period.
At the hearing, only two expert witnesses were called, John Reed for the plaintiffs and a Dan Fuller for the defendants. The plaintiff's expert was the only witness who test drove the vehicle. He testified that this manual five-speed transmission always rattled when shifted from first to second gear. In his opinion, this was a defect covered by the General Motors limited new car warranty. He also testified the noise could have been caused by a bent fork in the transmission, which also made it unsafe to drive. This rattle would substantially reduce the value of the vehicle because, in his opinion, no one would buy it if they were advised of this defect. The plaintiff's expert was an A-1 mechanic with over twenty-five years of experience in selling and repairing motor vehicles. He attended more than thirty training sessions at General Motors and Toyota relative to engines, including transmissions.
The defendant's expert has been a regional service engineer and employed by General Motors (also referred to as GM) for over sixteen years. He is called by GM dealers about problems and complaints they receive from customers. He remembered first talking about this problem with a Carl Rochel, a GM employee and an expert on the design of manual transmissions. They both were of the opinion that the transmission was designed in all new Chevrolet Cavaliers in a manner in which it would rattle when shifting from first to second gear. A GM bulletin had been sent to all GM dealers explaining the rattle and that this transmission should not be repaired or replaced on the 2000-2002 Models of the Chevrolet Cavalier, Pontiac Sunfire, Pontiac Grand Am and Oldsmobile Alero. These models were designed for fuel economy.
The defendant's expert testified that this vehicle must be test driven before one could decide whether this rattle was a defect in the transmission covered by the warranty. It was undisputed that he never test drove this vehicle. The court found his testimony unpersuasive because he never examined or took this vehicle on a test drive.
The panel's expert, a Mr. Tim Clark, attended the hearing but was not called by the panel nor either party to testify. CT Page 13751
The court, however, finds the plaintiff's expert, John Reed, credible and persuasive, and from his testimony finds the following facts: 1) He test drove and examined the vehicle; 2) the rattle in this new Chevrolet Cavalier is a defect in the transmission and is covered under the General Motors three-year/36,000 mile limited warranty; 3) this defect may, in the future, make it unsafe to drive; and 4) the value of the vehicle is substantially reduced because there would be no buyers if this defect were made known to them.
The court has reviewed the one hundred eight pages of the transcript, and the entire record, and finds no basis exists to uphold the award in favor of the defendants. The plaintiffs have proven their claim by a preponderance of the evidence for the reasons set forth in sub-paragraph one, page two, of this decision.
This court determines whether there is substantial evidence in the record to support the arbitrators findings of fact and whether the conclusions drawn from those facts are reasonable. General Motors Corp.v. Dohmann, 247 Conn. 274, 281 (1998).
For all the foregoing reasons, the arbitrators award to the defendants is vacated.
The court further finds that the defendants did not disclose to the plaintiffs in the warranty or the owner's manual "that written notification of the non-conformity is required before the consumer may be eligible for a refund or replacement of the vehicle." See Sec. 42-179 (c) of the Connecticut General Statutes. CT Page 13752
The court finds that the defendants failed to give the plaintiffs written notification of the non-conformity. The defendants' position was that the rattle in the transmission was not a defect under the warranty and should not be repaired or replaced. It was designed to give the consumer fuel economy. Any attempt by the defendants to repair or replace the vehicle would be useless. Therefore, the plaintiff's shall have the option to have a new, comparable motor vehicle acceptable to them, or the defendants shall accept the return of the vehicle, all as provided for in § 42-179 (d) C.G.S. The rattle or nonconformity in this transmission substantially impairs the use, safety, and value of this vehicle. The plaintiffs are awarded all costs and a reasonable attorney's fee pursuant to Sec. 42-180 C.G.S. The plaintiffs shall exercise this option by giving written notification by certified mail to the defendants within thirty days from this date.
PETRONI, JTR CT Page 13753